UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA

| | | | |
|---|---|---|---|
| LOWELL LUNDSTROM JR., | * | | |
| | * | Case No. _____19-1006_____ | |
| Plaintiff, | * | | |
| | * | | |
| vs. | * | | |
| | * | | |
| DANIEL M. HOMOLKA, P.A., | * | **NOTICE OF REMOVAL** | |
| DANIEL M. HOMOLKA, | * | | |
| WATTS GUERRA LLP, and | * | | |
| MIKAL C. WATTS | * | | |

_____

Defendants **WATTS GUERRA LLP ("WG")** and **MIKAL C. WATTS ("WATTS")** hereby give notice of removal of this action, pursuant to 28 U.S.C. §§ 1332 and 1146, to the United States District Court for the District of South Dakota of the lawsuit filed by Plaintiff against them, attached hereto as Exhibit A.  As grounds for removal Defendants WG and WATTS state as follows:

1.     Plaintiff LOWELL LUNDSTROM JR. ("LUNDSTRUM") is "a resident of Roberts County, South Dakota." (Complaint, p. 1,  ¶1), and therefore as citizen of the state of South Dakota.  Defendants DANIEL M. HOMOLKA, P.A. ("HOMOLKA, P.A.), DANIEL M. HOMOLKA ("HOMOLKA"), WG and WATTS are citizens of a different state, with Defendant HOMOLKA, P.A. having "its principal place of business in Minnesota,"  (Complaint, p. 1, ¶2), and therefore a citizen of the state of Minnesota, Defendant HOMOLKA being "a resident of Minnesota (Complaint, p. 1,  ¶3) and therefore a citizen of the state of Minnesota, Defendant WG having "its principal place of business in Texas (Complaint, p. 1,  ¶4), and therefore a citizen of the state of Texas, and Defendant WATTS being "a resident of Texas," (Complaint, p. 1, ¶5) and therefore a citizen of the state of Texas.  As such, this is a civil action between "citizens of different States" giving the United States District Court for the District of South Dakota original jurisdiction

over this matter under 28 U.S.C. §1332(a)(1) if "the matter in controversy exceeds the sum of value of $75,000, exclusive of interests and costs."

2.     This is a civil action where "the matter in controversy exceeds the sum of value of $75,000" because Plaintiff alleges in his Complaint (attached hereto as Exhibit A) that Defendants should compensate him a "3.4 million bonus," (Complaint, p. 6,  ¶43), plus supposedly past-due lease payments for a domain name of $10,000 per month since 2016 (Complaint, p. 5, ¶34; p. 6, ¶43), plus $50,000 for "the purchase price for his new truck." (Complaint, p. 6, ¶¶ 39, 43).

3.     Because the amount in controversy exceeds $75,000, and is a controversy is between citizens of different States, the United States District Court for the District of South Dakota has original jurisdiction over this matter under 28 U.S.C. §1332(a)(1), and removal is proper pursuant to 28 U.S.C. §1446.

4.     For all the foregoing reasons, Defendants WG and WATTS hereby remove this action from the Fifth Judicial District Circuit Court of Roberts County, South Dakota, to this Court. While not required for removals under 28 U.S.C. §1332, removing defendants have consulted with their co-defendants HOMOLKA, P.A. and HOMOLKA, and Defendants HOMOLKA, P.A. and HOMOLKA consent to this removal.

Dated this 5th day of April, 2019.

RAJKOWSKI HANSMEIER LTD.

By  s/Christopher A. Wills
   Gordon H. Hansmeier – 3583
   Christopher A. Wills – 4703
   Attorneys for WATTS GUERRA LLP, and
      MIKAL C. WATTS
   11 Seventh Avenue North
   P.O. Box 1433
   St. Cloud, Minnesota 56302
   Telephone: (320) 251-1055
   Fax: (320) 251-5896

Email:  ghansmeier@rajhan.com
cwills@rajhan.com

Of Counsel:

Mikal C. Watts
WATTS GUERRA LLP
Four Dominion Drive,
Bldg. Three, Suite 100
San Antonio, Texas 78257
Phone: (210) 447-0500
Fax: (210) 447-0501
Email: mcwatts@wattsguerra.com
*Pending Pro Hoc Vice Admission*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

LOWELL LUNDSTROM JR.

**DEFENDANTS**

DANIEL M. HOMOLKA, P.A. WATTS GUERRA LLP, et al

**(b)** County of Residence of First Listed Plaintiff   Roberts County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Minnesota
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Robert Trznka, Cutler Law Firm, 140 North Phillips Ave, 4th Floor Sioux Falls, SD  57101   605-335-4950

Attorneys *(If Known)*

Gordon H. Hansmeier, Christopher A. Wills, Rajkowski Hansmeier, 11 7th Avenue North, St. Cloud, MN   320-251-1055

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1   U.S. Government    Plaintiff | ☐ 3   Federal Question     *(U.S. Government Not a Party)* |
| ☐ 2   U.S. Government    Defendant | ☒ 4   Diversity     *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                 *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 820 Copyrights ☐ 830 Patent | ☐ 430 Banks and Banking ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending ☐ 380 Other Personal | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☒ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | Property Damage ☐ 385 Property Damage | ☐ 720 Labor/Management Relations | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 490 Cable/Sat TV ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | Product Liability | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | Exchange |
| ☐ 195 Contract Product Liability ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | | ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other ☐ 550 Civil Rights | ☐ 462 Naturalization Application ☐ 465 Other Immigration | | |
| | ☐ 448 Education | ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| ☐ 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332 and 1146

Brief description of cause:
Plf alleges defs owe a share of attorney's fees from a settlement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
3,500,000.00

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

| | |
|---|---|
| DATE 04/05/2019 | SIGNATURE OF ATTORNEY OF RECORD s/Christopher A. Wills |

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

COPY

181

| STATE OF SOUTH DAKOTA | IN CIRCUIT COURT |
|---|---|
| COUNTY OF ROBERTS | FIFTH JUDICIAL CIRCUIT |

---

LOWELL LUNDSTROM JR.,

        Plaintiff,

vs.

DANIEL M. HOMOLKA, P.A., DANIEL
M. HOMOLKA, WATTS GUERRA, LLP,
and MIKAL C. WATTS, 4 Dominion Dr Bldg 3 #100
        SA TX 78257
        Defendants.

54CIV19- OOOO16

DELIVERED THIS ___ DAY OF _____ 20___
JAVIER SALAZAR
**SUMMONS** SHERIFF OF BEXAR COUNTY, TEXAS
By _____
                       DEPUTY

---

THE STATE OF SOUTH DAKOTA TO THE ABOVE-NAMED DEFENDANTS, GREETINGS:

    You are hereby summoned and required to answer the Complaint of the above-named Plaintiff, a copy of which is hereto annexed and herewith served upon you, and to serve a copy of your Answer on the subscribers at their office at 140 North Phillips Avenue, 4th Floor, P.O. Box 1400, Sioux Falls, South Dakota, 57101-1400, within thirty (30) days after the service of this Summons upon you, exclusive of the day of service, and if you fail to answer within said time, judgment by default may be rendered against you for the relief requested in the Complaint.

    Dated this 20th day of February, 2019.

                CUTLER LAW FIRM, LLP
                Attorneys at Law

                Robert D. Trzynka
                140 North Phillips Avenue, 4th Floor
                PO Box 1400
                Sioux Falls, SD  57101-1400
                Telephone: (605) 335-4950
                BobT@cutlerlawfirm.com
                *Attorneys for Plaintiff*

1

EXHIBIT A

| | |
|---|---|
| STATE OF SOUTH DAKOTA | IN CIRCUIT COURT |
| COUNTY OF ROBERTS | FIFTH JUDICIAL CIRCUIT |

| | |
|---|---|
| LOWELL LUNDSTROM JR., | 54CIV19-_____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| DANIEL M. HOMOLKA, P.A., DANIEL M. HOMOLKA, WATTS GUERRA, LLP, and MIKAL C. WATTS, | |
| Defendants. | |

Plaintiff, through counsel, states and alleges the following in support of his claims against the above-named Defendants:

### THE PARTIES

1.  Plaintiff Lowell Lundstrom, Jr. ("LJ") is a resident of Roberts County, South Dakota.

2.  Defendant Daniel M. Homolka, P.A. ("Homolka, P.A.") is a professional association with its principal place of business in Minnesota.

3.  Defendant Daniel M. Homolka ("Defendant Homolka") is a resident of Minnesota.

4.  Defendant Watts Guerra, LLP ("Watts Guerra") is a limited liability partnership with its principal place of business in Texas.

5.  Defendant Mikal C. Watts ("Defendant Watts") is a resident of Texas.

1

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the persons and subject matter of this action and venue is proper in this County because Plaintiff is a resident of Roberts County and the contract was primarily performed in this county.

## FACTUAL ALLEGATIONS

7.     In 2014, Plaintiff was introduced to Defendant Homolka by Daniel Rasmus, an attorney based out of Edina, Minnesota.

8.     Mr. Rasmus was working with Defendants on lawsuits involving Syngenta AG, a global agricultural business ("the Syngenta Lawsuits").

9.     Defendant Watts and Watts Guerra were the principal lawyers for the Syngenta Lawsuits.

10.    Mr. Rasmus indicated to Defendant Homolka and Homolka, P.A. that Plaintiff was a former graduate of the Carlson School of Business and, before taking over his family's farm, had worked as a national media buyer and marketing executive for Gateway Computers.

11.    Defendant Homolka and Homolka, P.A. were interested in hearing Plaintiff's marketing plans for the Syngenta Lawsuits.

12.    Plaintiff told Defendant Homolka and Homolka, P.A. about his marketing ideas for the Syngenta Lawsuits and provided Defendant Homolka and Homolka, P.A. a sample Newspaper schedule for that marketing through Mr. Rasmus and his law partner, James Hovland.

13.    Defendant Homolka and Homolka, P.A. liked Plaintiff's marketing plans and introduced Plaintiff to Defendant Watts and Watts Guerra.

14.    Defendants agreed to engage Plaintiff to prepare a marketing and advertising plan for the Syngenta Lawsuits.

2

15.    Defendant Homolka asked Plaintiff how much compensation Plaintiff wanted.

16.    Plaintiff indicated that he wanted $10,000.00 per month to lease his domain name LostCornIncome.com (a key piece of the acquisition strategy) and to build them a website. He agreed to place all media buys (with funding they would provide), operationalize the strategic acquisition plan, create advertising collateral, and manage the infield operations for the local town hall meetings for a lump sum bonus if Defendants were able to get 6 million acres on behalf of the Syngenta Lawsuits (approximately 7,500 farmers).

17.    Plaintiff told Defendant Homolka that he wanted to be able to pay off his family farm and any equipment loans using the lump sum bonus he would receive if he met the targets in the Syngenta Lawsuits.

18.    Plaintiff owed approximately $1.7 million for the family farm and any associated equipment loans.

19.    Defendant Homolka and Plaintiff agreed that Defendants would pay Plaintiff a $3.4 million bonus if Defendants were able to get an additional 6 million acres of farmland in the Syngenta Lawsuits, which would allow Plaintiff to net at least $1.7 million.

20.    Defendants told Plaintiff that they could not reduce the terms of their agreement to writing because they were afraid that it would run afoul of Rule 5.4 of the Rules of Professional Conduct.

21.    Plaintiff did some additional research and conveyed to Defendants that he did not believe that his work would be considered a prohibited fee split under Rule 5.4.

22.    Defendants, however, indicated that they would prefer to not reduce the terms of their agreement to writing, just to be safe.

23.     Upon information and belief, the true reason that Defendants did not want to reduce the terms of their agreement with Plaintiff to writing is that they had no intention of fully compensating Plaintiff for his work.

24.     Plaintiff developed the website LostCornIncome.com and created the artwork and design for the website.

25.     Plaintiff created strategy and methodology to promote the Syngenta Lawsuits and Defendants to farmers who might be potential plaintiffs in the Syngenta Lawsuits.

26.     To further help acquire farmers in the Syngenta Lawsuits, Plaintiff created a 30-minute infomercial entitled "LOST CORN INCOME:  Special Report."  The Infomercial ran daily on national TV via Direct TV & Dish Network as well as in local markets where corn production was high.

27.     Plaintiff also arranged and managed a toll-free phone number for prospective clients for Defendants.

28.     Plaintiff also planned and assisted Defendants in arranging over 2,000 town hall meetings.  Plaintiff selected target areas, planned routes for Defendants, booked meetings, and maintained databases related to those efforts.

29.     Plaintiff prepared fact sheets for prospective farmers and signed farmers up as clients for Defendants.

30.     Plaintiff managed media buys and placement of advertising for Defendants through various media, including newspaper, radio, television, and social media.

31.     As part of Plaintiff's overall efforts for Defendants, Plaintiff prepared various media budgets for the Syngenta Lawsuits.

4

32.    Defendants used and relied on those budgets to get outside funding for the Syngenta Lawsuits.

33.    Plaintiff dropped other marketing clients because of the large amount of work that Defendants wanted him to perform.   Defendants enticed Plaintiff to continue working on the Syngenta Lawsuits by reminding Plaintiff of the large bonus he would receive once the Syngenta Lawsuits were settled.

34.    Defendants, through Watts Guerra, paid Plaintiff the $10,000.00 monthly lease payment for the domain name until 2016.

35.    Defendant Watts had been indicted for conspiracy, mail and wire fraud, and identity theft in late 2015.  By early 2016, Defendant Homolka and Homolka P.A. told Plaintiff that, given the indictment and Defendant Watts' schedule, Defendant Homolka and Homolka, P.A., would be dispersing the Syngenta Lawsuits payments moving forward.

36.    Defendants also indicated to Plaintiff that, with Defendant Homolka and Homolka, P.A. managing Plaintiff's payments, those payments would be more timely.

37.    Defendant Homolka and Homolka, P.A. sporadically paid Plaintiff for the agreed to lease payments.   When Plaintiff complained to Defendant Homolka and Homolka, P.A. regarding past due lease payments, Defendant Homolka and Homolka, P.A. provided various excuses, including temporary lack of liquidity.

38.    Defendant Homolka and Homolka, P.A. went so far as to ask Plaintiff to provide them information so Defendant Homolka and Homolka, P.A. could electronically wire Plaintiff funds.  Despite Plaintiff providing Defendant Homolka and Homolka, P.A. that information, the money wires frequently failed to materialize.

5

39.   Plaintiff also traveled extensively for Defendants as part of Plaintiff's work on the Syngenta Lawsuits.  Defendants told Plaintiff to purchase a new truck to facilitate this travel. Defendants represented to Plaintiff that they would reimburse him for up to $50,000 for the truck.

40.   Plaintiff purchased a new truck, based on Defendants' representations.

41.   Defendants failed to reimburse Plaintiff for his new truck.

42.   In 2018, a settlement agreement was entered into for the Syngenta Lawsuits.

43.   Plaintiff exceeded the 6 million acre target (approx. 7,500 farmers) set by Defendants.  As a result, Plaintiff asked Defendants to compensate him the $3.4 million bonus they agreed to, to repay Plaintiff for any past-due lease payments, and for the purchase price for his new truck.

44.   Defendants rejected Plaintiff's request.

<u>COUNT 1:</u>
BREACH OF CONTRACT

45.   Plaintiff realleges the preceding paragraphs as if set forth fully below.

46.   Plaintiff and Defendants entered into an oral contract for Plaintiff's services in support of Defendants' efforts in the Syngenta Lawsuits.

47.   Plaintiff fully performed his portion of the contract.

48.   Defendants breached their duty of performance toward Plaintiff by failing to fully compensate him for his services.

49.   Defendants also breached their duty of good faith and fair dealing toward Plaintiff.

50.   Plaintiff suffered direct damages through his loss of contractually-agreed-to compensation.

51.    Plaintiff suffered other damages, including other lost profits, which Defendants knew of or should have reasonably foreseen.

### COUNT 2:
### FRAUDULENT MISREPRESENTATION

52.    Plaintiff realleges the preceding paragraphs as if set forth fully below.

53.    Defendants knew that their agreement with Plaintiff did not violate Rule 5.4 of the Rules of Professional Conduct.

54.    Nonetheless, Defendants falsely misrepresented to Plaintiff that they needed to enter into an oral contract, rather than a written contract, due to Rule 5.4.

55.    When Defendants told Plaintiff that they wanted an oral contract, Defendants had no intention of ever paying Plaintiff the $3.4 million bonus they promised him.

56.    Plaintiff relied on Defendants' promise that they would pay him a $3.4 million bonus, to Plaintiff's detriment.

57.    Plaintiff was damaged by Defendants' fraudulent misrepresentations to him.

58.    Defendants' fraudulent misrepresentations were willful, wanton, malicious, reckless, and oppressive, justifying an award of punitive damages in an amount appropriate to punish and make an example of Defendants.

### COUNT 3:
### UNJUST ENRICHMENT

59.    Plaintiff realleges the preceding paragraphs as if set forth fully below.

60.    Defendants received a benefit from Plaintiff's services in the Syngenta Lawsuits.

61.    Defendants are currently in possession of revenue and profits improperly gained and taken by virtue of Plaintiff's efforts to gather additional clients for Defendants in the Syngenta Lawsuits.

7

62.     Defendants' retention of the revenue and profits from the services Plaintiff provided to Defendants unjustly enriches Defendants and should be disgorged.

## COUNT 4:
### CIVIL CONSPIRACY

63.     Plaintiff realleges the preceding paragraphs as if set forth fully below.

64.     Defendants entered into a combination or conspiracy to commit and facilitate the wrongful conduct described herein.

65.     This conspiracy manifested itself in many respects, including, but not limited to, fraudulent and deceitful acts against Plaintiff.

66.     Defendants reached a meeting of the minds on the foregoing objectives and course of action and, in connection therewith, committed one or more unlawful acts or otherwise lawful acts for unlawful purposes.

67.     Defendants committed the acts described herein with the knowledge or intent to injure Plaintiff or with reckless or negligent disregard for Plaintiff's rights and well-being.

68.     The conspiracy described above, and the acts committed in the course of that combination, proximately injured Plaintiff, for which Plaintiff is entitled to recover compensatory and consequential damages.

69.     Because the conspiracy among the Defendants constituted fraud and the wrongful acts in furtherance thereof were committed maliciously, Plaintiff seeks to recover exemplary or punitive damages.

WHEREFORE, Plaintiff requests a judgment against the Defendants as follows:

1.     For Plaintiff's compensatory and general damages in an amount which the jury determines is just and proper for the injuries suffered by Plaintiff;

2.     For Plaintiff's special damages in an amount which the jury determines is just and proper;

8

3.      For punitive damages;

4.      For Plaintiff's costs and disbursements herein;

5.      For interest as provided by law; and,

6.      For any other and future relief which the Court determines is just and
        proper.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Dated this 20th day of February, 2019.

                                        CUTLER LAW FIRM, LLP

                                        _____
                                        Robert D. Trzynka
                                        140 North Phillips Avenue, 4th Floor
                                        PO Box 1400
                                        Sioux Falls, SD 57101-1400
                                        Telephone: (605) 335-4950
                                        BobT@cutlerlawfirm.com
                                        *Attorneys for Plaintiff*

9