

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| LOWELL LUNDSTROM, JR., | 1:19-CV-01006-CBK |
| Plaintiff, | |
| vs. | OPINION AND ORDER ON MOTIONS *IN LIMINE* |
| DANIEL M. HOMOLKA P.A., DANIEL M. HOMOLKA, WATTS GUERRA LLP, AND MIKAL C. WATTS, | |
| Defendants. | |

The parties have filed motions *in limine*, docs. 123, 128, 136, 145, 154. I have reviewed the motions, briefs, affidavits, and responses. I have been the district court judge assigned to this case from the time the complaint was filed. I have ruled on two motions to dismiss and two motions for summary judgment. There is no need to restate the facts of this case, except as relevant to a particular motion *in limine*.

**A.    The Watts Defendants' Motions *in Limine*, Doc. 123.**

**1. Admission of Expert Testimony.**

Defendants have moved to prohibit plaintiff from proffering any expert testimony based upon the failure to disclose any expert's identity or opinions. Expert testimony is generally admissible pursuant to Federal Rules of Evidence 702–06. However, pursuant to Federal Rule of Civil Procedure 26(a)(2), a party must disclose the identity of and a written report from any expert the party intends to call at trial 90 days prior to trial unless otherwise ordered. I ordered the plaintiff to disclose the identity of and any reports from retained experts prior to December 31, 2020.

Defendants' motion *in limine* seeking to prohibit plaintiff from offering expert testimony not previously disclosed should be **granted**.

**2. Plaintiff's Statements to Others.**

Defendants have moved to prohibit plaintiff from offering any evidence or argument that plaintiff made statements to others that he was going to be receiving a bonus from the Syngenta litigation. In other words, defendants seek to prohibit plaintiff from establishing through plaintiff's own prior statements that payment of a bonus at the conclusion of the Syngenta litigation was part of the compensation orally agreed to by the defendants.

Statements made outside of court offered to prove the truth of the matter asserted are hearsay and are not ordinarily admissible. Fed. R. Evid. 801(c), 802. Plaintiff's prior consistent statement made out of court is admissible if, *inter alia*, it

> (B) is consistent with the declarant's testimony and is offered:
>
>> (i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or
>>
>> (ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground.

Fed. R. Evid. 801(d)(1)(B).

Defendants argued in their briefs in support of summary judgment that plaintiff did not ask defendants for his claimed bonus until well after the Syngenta litigation settled, thus implying plaintiff did not have an expectation of a bonus but contrived the expectation of a bonus once the Syngenta settlement's attorneys' fee award was announced. Defendants pointed to evidence that a bonus was not part of any invoice submitted by plaintiff to defendants nor was a bonus mentioned in any budgets submitted to defendants. If defendants intend to offer evidence consistent with the foregoing, plaintiff should be allowed to offer evidence showing that receipt of a bonus was not a contrived contractual term but was in fact part of the compensation promised to plaintiff near the beginning of plaintiff's contract negotiations.

Defendants' motion *in limine* seeking to prohibit plaintiff from offering testimony or argument about plaintiff's prior consistent statements that plaintiff was owed a bonus

at the conclusion of the Syngenta litigation should be **granted**.  However, defendants are precluded from offering evidence or argument that payment of a bonus was not part of the contract based upon the fact that plaintiff did not request payment of the bonus until after the Syngenta settlement.  If defendants seek to defend against payment of a bonus on the basis set forth in the previous paragraph, defendants must notify the Court and the plaintiff prior to the beginning of trial so that plaintiff can be prepared to seek admission of the evidence of prior consistent statements.

      **3.  Settlement Discussions.**

      Defendants have moved to exclude any argument or discussion relating to settlement or mediation of plaintiff's claims.  Compromise offers and negotiations are generally inadmissible.  Fed. R. Evid. 408.  Defendants' motion *in limine* seeking to prohibit plaintiff from offering any evidence or agreement relating to settlement or mediation of plaintiff's claims should be **granted**.  No party or witness should even mention such settlement attempts.

      **4. Relationship Between Defendants.**

      Defendants have moved to exclude any testimony from plaintiff regarding the specifics of the relationship between the Watts defendants and the Homolka defendants. The relationship between the Watts defendants and the Homolka defendants is the basis of plaintiff's claim that Daniel Homolka was an agent of the Watts defendants when he sought plaintiff's services to market the Syngenta litigation, thus binding the Watts defendants to any contractual terms negotiated between plaintiff and Homolka.  Such evidence is further relevant to whether a joint venture existed between the defendants, supporting plaintiff's contract claims against the Watts defendants.  The fact that the Watts defendants entered into very specific written contracts with many attorneys, including the Homolka defendants, raises issues as to why the defendants refused to enter into a written agreement with plaintiff, thus supporting plaintiff's fraud claim.  There is no basis for contending such evidence is inadmissible.

Defendants' motion *in limine* to exclude testimony regarding the specifics of the relationship between the Watts defendants and the Homolka defendants should be **denied**.

### 5. Evidence of Bonuses paid in Mass Tort Litigation.

Defendants have moved to exclude any testimony about any other person receiving a bonus from mass tort litigation. The evidence submitted to the Court in the summary judgment stage showed that plaintiff asked for a written contract, but defendants refused to enter into a written contract with plaintiff. Defendants claimed that they could not have agreed to pay plaintiff a bonus because payment of a bonus would violate the Model Rules of Professional Conduct (MRPC). Evidence that defendants paid bonuses in connection with other mass tort litigation would be relevant to disprove defendants' defense in this regard. Further, Federal Rule of Evidence 403 does not prevent the admission of this testimony. Defendants' motion *in limine* to exclude evidence that any other person received a bonus from mass tort litigation should be **denied**.

### 6. Plaintiff's Testimony About Model Rules of Professional Conduct.

Defendants have moved to prohibit plaintiff from testifying about what conduct is authorized or prohibited under Model Rule of Professional Conduct 5.4. The evidence submitted to the Court in the summary judgment stage showed that plaintiff asked for a written contract, but defendants refused to enter into a written contract with plaintiff. Plaintiff contended that defendants refused to enter into a written contract with plaintiff based upon their claim that MRPC 5.4 prohibited such a contract with a non-attorney. Further, defendants have claimed that they could not have agreed to pay plaintiff a bonus because payment of a bonus would violate the Model Rules of Professional Conduct. Defendants contend that Federal Rule of Evidence 701 prohibits plaintiff, a non-lawyer, from testifying as to his opinion regarding the reach of MRPC 5.4. He will not be allowed to testify about his research or his opinion.

Defendants' motion *in limine* to prohibit plaintiff from opining on the meaning of MRPC 5.4 is **granted**. This does not preclude plaintiff from testifying what defendants allegedly told him about MRPC 5.4.

### 7. Evidence of Defendants' Net Worth.

Defendants have moved to exclude any evidence or argument relating to defendants' net worth. In this case, evidence of defendants' net worth would be relevant to the issue of punitive damages. This will provide notice that I intend to bifurcate the liability and damages portions of the trial. The parties will submit evidence and argument as to liability only and the jury will be instructed as to liability only. Following receipt of a verdict as to liability issues, and only if the jury returns a verdict favorable to plaintiff as to liability, the Court will allow the parties to submit evidence and argument regarding damages and the jury will be instructed as to damages only. I will make a determination whether the evidence as to liability supports the submission of evidence and argument on the issue of punitive damages. Accordingly, ruling on defendants' motion *in limine* to exclude evidence of defendants' net worth is **reserved**.

### 8. Evidence or Argument Regarding Statements Made at Open Houses.

Defendants have moved to exclude any evidence or argument regarding statements made at open houses provided for farmers regarding Syngenta litigation, claiming such evidence is not relevant. Further, defendants also argue that any statements made at open houses are not admissible pursuant to Federal Rule of Evidence 403, because of possible "mini-trials" which could confuse the jury.

In turn, plaintiff contends such evidence is relevant to what defendants told himself to expect because of the Syngenta litigation, as well as going towards credibility. Plaintiff contends defendants repeatedly made promises at town hall meetings to induce farmers to sign fee agreements with defendants, promises defendants did not or could not keep.

Because these statements were made at open houses pertaining to the Syngenta litigation, which ultimately is at the crux of this litigation as well, any potential attacks on the credibility of defendants stemming from these open houses would be relevant to

plaintiff's claims on what he was promised. If defendants made unkept promises to others within the confines of the Syngenta litigation, such as potential farmer plaintiffs, then Lundstrom may use these alleged prior statements to question the defendants' credibility in the promises that they have made. Further, as an attendee at some of these open houses, Lundstrom is within his rights to argue that he relied on promises made by Mr. Homolka during these meetings, reliance that continued throughout the time of their alleged partnership. While the Court does not want trials within trials, plaintiff is allowed to bring up alleged statements at prior open houses, which defendants may then rebut.

Defendants' motion *in limine* to exclude any evidence or argument regarding statements made at open houses provided for farmers regarding Syngenta litigation should be **denied**.

### 9. Evidence or Argument Regarding Plaintiff's Lost Income.

Defendants have moved to exclude any evidence or argument regarding plaintiff's alleged lost income associated with missed opportunities to work with other lawyers on the Syngenta Litigation. Plaintiff abandoned any claim for lost profit damages in his trial brief. Defendants' motion *in limine* to exclude any evidence or argument regarding plaintiff's lost profits should be **granted**.

### 10. Evidence or Argument Regarding Syngenta Settlement.

Defendants have moved to exclude any evidence or argument regarding what farmers received as a result of the settlement in the Syngenta litigation because it is purportedly irrelevant to this matter. In addition to being irrelevant, defendants assert this evidence should be excluded pursuant to Federal Rule of Evidence 403 due to the mini-trial that would likely ensue, as well as concerns it would "suggest that the [Syngenta plaintiff] farmers did not receive a fair settlement." BRIEF SUPPORTING WATTS' DEFENDANTS' MOTIONS IN LIMINE, doc. 124 at 12.

Defendant's motion *in limine* to exclude evidence or argument regarding what farmers received as a result of the settlement in the Syngenta litigation should be **denied**.

**B.**   **The Homolka Defendants' Motions *in Limine*, Doc. 128.**

**1.  Evidence of Other Lawsuits Against the Homolka Defendants.**

Defendants have moved to exclude any evidence or argument regarding other lawsuits in which the Homolka Defendants were a named party.

Plaintiff has moved for an order permitting plaintiff to question defendants regarding four lawsuits against the Homolka Defendants filed in Hennepin County, Minnesota, filed in 2001, 2002, 2005, and 2013.

The Homolka defendants contend that such evidence is inadmissible because the evidence is not relevant, three of the four lawsuits were resolved by a settlement without an admission of liability, the fourth involved a fee dispute among attorneys, the lawsuits were not similar in kind and close in time to plaintiff's claims in this case, and the evidence should be excluded under Rule 403.

I agree with defendants.  Absent an admission of wrongdoing or a finding by a jury of wrongdoing, evidence that the Homolka defendants were sued for breach of contract or fraud would not be admissible under Federal Rule of Evidence 608(b) to prove character.  Nor would such lawsuits be admissible to prove intent to defraud.  In any event, the evidence should be excluded under Rule 403.  Defendants' motion *in limine* for an order permitting plaintiff to question Homolka about prior lawsuits should be **granted**.

**2.  Evidence or Argument Regarding Statements Made at Open Houses or Regarding Expected Attorney Fees.**

Defendants have moved to exclude evidence or argument regarding information provided to potential plaintiffs in the Syngenta litigation or information regarding the attorney's fees that might be recovered in that litigation.  This opinion has held above those statements made at open houses are admissible to assess the credibility of the defendants in purported unkept promises they may have made.

Defendants' motion *in limine* for an order prohibiting plaintiff from offering any evidence or argument regarding information provided to potential plaintiffs in the Syngenta litigation is **denied**.

Defendants' motion *in limine* for an order prohibiting plaintiff from offering any information regarding the attorney's fees that might be recovered in that litigation is **denied.**

### 3. Evidence or Argument Regarding Defendants' Joint Prosecution Agreements.

Defendants have moved to exclude evidence or argument regarding joint prosecution agreements between lawyers representing plaintiffs in the Syngenta litigation. There is no basis for excluding such evidence. The relationship between and among defendants is central to plaintiff's claims against the Watts defendants. Defendants' motion *in limine* to exclude evidence or argument regarding joint prosecution agreements between and among the defendants or others should be **denied**.

### 4. Plaintiff's Testimony About Model Rules of Professional Conduct.

Defendants have moved to exclude any evidence or argument regarding plaintiff's interpretation of Rule 5.4 of the Model Rules of Professional Conduct ("MRPC"). Defendants contend that Federal Rule of Evidence 701 prohibits plaintiff, a non-lawyer, from testifying as to his opinion regarding the reach of MRPC 5.4. This motion should be **granted.** This does not preclude plaintiff from testifying what defendants allegedly told him about MRPC 5.4.

### 5. Evidence or Argument Regarding a Loan Made to Defendants to Settle Litigation.

Defendants have moved to exclude any evidence or argument regarding a loan made to Daniel M. Homolka, P.A. from Armadillo Financial Fund, L.P., or with regard to the confidential settlement of Armadillo's lawsuit against Daniel M. Homolka, P.A. Plaintiff contends the evidence will show that the loan proceeds were used to pay Syngenta litigation costs, thus bolstering plaintiff's claim that the Syngenta litigation was a joint venture between and among defendants (because they shared in both profits and losses).

To counter defendants' assertions that there was no joint venture, plaintiff must be allowed to present evidence to the contrary, such as the Armadillo loan. One of the

elements "'necessary to establish a join venture [is] . . . "a right to share in the profits and a *duty to share in any losses*.'" Van Dusseldorp v. Cont'l Casualy Co., 2017 WL 4004421 at *4 (D.S.D. Sept. 11, 2017) (*unpublished*) (*quoting* Harriman v. United Dominion Indus., Inc., 693 NW2d 44, 50 (S.D. 2005)) (emphasis added).  Because "[u]ltimately some" of the Armadillo funds were used for "debts related to the Syngenta litigation," the evidence is probative of a possible joint venture between the Watts and Homolka defendants because of a sharing in potential losses from the Syngenta litigation. EXCERPTS OF DEPOSITION TRANSCRIPT OF DANIEL HOMOLKA TAKEN 1-7-21,  doc. 151-3 at 204:2–3.  If the Syngenta litigation was to fail and no attorney's fees were to be paid, then the Homolka defendants would not only have lost out on any potential proceeds, but because of the Armadillo funds that went towards Syngenta-related litigation debts it would also be sharing in a loss alongside the Watts defendants.

Defendants' motion *in limine* to exclude any evidence or argument regarding a loan made to Daniel M. Homolka, P.A. from Armadillo Financial Fund, L.P., should be **denied**.  As to the settlement of the suit against Homolka defendants, that is addressed elsewhere in this opinion.

### 6. Evidence of Tape Recordings Made by Plaintiff.

Defendants have moved to exclude evidence of selected portions of conversations secretly tape recorded by plaintiff and Eloy Guerra.

Defendants admit in their trial briefs that plaintiff's secret recordings of conversations plaintiff participated in with others in not illegal.  However, they object to the manner in which they were used in the depositions, namely that plaintiff would play a recording "for a witness and then ask the witness if they made the statement in question and what it meant."  HOMOLKA DEFENDANTS' PRETRIAL BRIEF, doc. 130 at 5.  Instead, defendants argue "[i]f a witness does not deny making a statement, the witness can simply be asked about the particular subject."  Id.

I have not yet received the transcripts of the recordings and it would be premature to rule on the admissibility of all the audio recordings.  Accordingly, ruling on plaintiff's motion *in limine* for an order admitting the audio recordings is **reserved**.

### 7. Plaintiff's Statements to Others.

Defendants have moved to exclude any evidence or argument concerning statements plaintiff made to third parties regarding the bonus to which he claims entitlement. As set forth above in Part A.2., defendants' motion *in limine* seeking to prohibit plaintiff from offering testimony or argument about plaintiff's prior consistent statements that plaintiff was owed a bonus at the conclusion of the Syngenta litigation should be **granted**. However, defendants are precluded from offering evidence or argument that payment of a bonus was not part of the contract based upon the fact that plaintiff did not request payment of the bonus until after the Syngenta settlement. If defendants seek to defend against payment of a bonus on that basis, defendants must notify the Court and the plaintiff prior to the beginning of trial so that plaintiff can be prepared to seek admission of the evidence of prior consistent statements.

### C.  Plaintiff's Motions *in limine*, Doc. 136.

### 1.  Plaintiff's Criminal History.

Plaintiff has moved to exclude evidence of his criminal record and/or criminal history. Defendants do not object to plaintiff's motion. Plaintiff's motion *in limine* to exclude evidence of plaintiff's criminal history and/or criminal records should be **granted.**

### 2.  Evidence of Plaintiff's Parents' Estate or Claims or Allegations Made in Estate Litigation.

Plaintiff has moved to exclude evidence of the Estate of Lowell Lundstrom, Sr., the Estate of Connie Lundstrom, and the Living Trust of Lowell and Connie Lundstrom, or claims or allegations made within that litigation. Defendants contend such evidence is admissible under Federal Rule of Evidence 404(b)(1) as other acts admissible for another purpose – motive. Defendants claim that plaintiff's motive to "make up" the promise that plaintiff was entitled to a $3.4 million bonus is an issue in the breach of contract case. Defendants claim that plaintiff needed money to pay for attorney fees in other litigation and to pay child support. Further, defendants contend that plaintiff's witness, attorney

Dan Rasmus, represented plaintiff in this proceeding and defendants should be allowed to attack Rasmus' credibility on that basis.

Any attenuated argument about a supposed motive on the part of plaintiff for costs incurred in resolving the estate of Lowell Lundstrom, Sr., Connie Lundstrom, and the Living Trust of Lowell and Connie Lundstrom does not reach the threshold for relevance in this matter. Fed. R. Evid. 401. Further, it cannot be plausibly argued that it may be admitted for motive evidence, and thus admissible pursuant to Federal Rule of Evidence 404(b), with such a weakened causal chain where no substantive evidence has been brought to this Court on existing debts from the estate affairs that would motivate Lundstrom to "make up" the $3.4 million bonus. Finally, even if there was more concrete evidence that the litigation from these estates generated large costs for Lundstrom, any proposed evidence would be impermissible pursuant to Federal Rule of Evidence 403.

Plaintiff's motion *in limine* to exclude evidence of litigation regarding his parents' estates should be **granted**.

### 3. Evidence of the Civil Action involving Lowell Lundstrom Ministries.

Plaintiff has moved to exclude evidence of the civil action involving Lowell Lundstrom Ministries, Inc. initiated in 2016, or claims or allegations made within that litigation. Defendants contend such evidence is admissible under Federal Rule of Evidence 404(b)(1) as other acts admissible for another purpose – motive. Defendants claim that plaintiff's motive to "make up" the promise that plaintiff was entitled to a $3.4 million bonus is an issue in the breach of contract case. Defendants claim that plaintiff needed money to pay for attorney fees in other litigation and to pay child support. Further, defendants contend that plaintiff's witness, attorney Dan Rasmus, represented plaintiff in this proceeding and defendants should be allowed to attack Rasmus' credibility on that basis.

This is similar to the Court's analysis for why evidence of any litigation surrounding the settling of estates should be barred from admission, *supra*. Because this information cannot pass muster under Federal Rule of Evidence 403, in addition to not

11

supplying adequate motive under Rule 404(b) or even a baseline of relevance pursuant to
Rule 401, evidence of the civil action involving Lowell Lundstrom Ministries should not
be presented to the jury.

Plaintiff's motion *in limine* to exclude evidence of the civil action involving
Lowell Lundstrom Ministries should be **granted**.

### 4. Evidence of Plaintiff's Divorce.

Defendant has moved to exclude evidence of the divorce action between plaintiff
and Kimberly Anderson.  Defendants contend such evidence is admissible under Federal
Rule of Evidence 404(b)(1) as other acts admissible for another purpose – motive.
Defendants claim that plaintiff's motive to "make up" the promise that plaintiff was
entitled to a $3.4 million bonus is an issue in the breach of contract case.  Defendants
claim that plaintiff needed money to pay for attorney fees in other litigation and to pay
child support.  Further, defendants contend that plaintiff's witness, attorney Dan Rasmus,
represented plaintiff in this proceeding and defendants should be allowed to attack
Rasmus' credibility on that basis.

Again, the Court points to its prior analysis, *supra*, in holding that this evidence
should not be presented to the jury, pursuant to Federal Rules of Evidence 401, 404(b),
and 403.

Plaintiff's motion *in limine* to exclude evidence of his divorce action should be
**granted**.

### 5. Evidence of Payment or Non-Payment of Child Support.

Plaintiff has moved to exclude evidence of his payment or non-payment of child
support.  Defendants contend such evidence is admissible under Federal Rule of
Evidence 404(b)(1) as other acts admissible for another purpose – motive.  Defendants
claim that plaintiff's motive to "make up" the promise that plaintiff was entitled to a $3.4
million bonus is an issue in the breach of contract case.  Defendants claim that plaintiff
needed money to pay for attorney's fees in other litigation and to pay child support.
Further, defendants contend that plaintiff's witness, attorney Dan Rasmus, represented

plaintiff in this proceeding and defendants should be allowed to attack Rasmus' credibility on that basis.

This matter has been tackled by other district courts, coming to the same conclusion that this Court finds, namely that this sort of evidence to show a purported motive to concoct litigation should not be admitted. See Nibbs v. Goulart, 822 F.Supp.2d 339, 346 (S.D.N.Y. 2011) (rejecting defendants' argument plaintiff "had a financial incentive to bring this lawsuit, namely to satisfy his child support obligation, and that this incentive amounts to bias," holding such evidence "risks significant prejudice," and should be precluded). See also United States v. Newell, 584 F.Supp.2d 272, 274 (D. Me. 2008) (holding "that overdue child support or child welfare payments may not pass Rule 403 muster.").

Plaintiff's motion *in limine* to exclude evidence of his payment or non-payment of child support should be **granted**.

### 6. Plaintiff's Tax Filing History.

Plaintiff has moved to exclude evidence of his tax filing history. Defendants contend that plaintiff's alleged failure to file a tax return in 2015 and evidence of plaintiff's alleged tax evasion or fraud is evidence of plaintiff's credibility. Defendants contend that, during discovery, plaintiff falsely testified or submitted false answers to discovery requests about certain specifics as to the 2015 tax return and that defendants should be allowed to impeach plaintiff as to these matters. Defendants also contend that plaintiff was dishonest during his in-court testimony during a hearing in conjunction with prior motions in this case.

Evidence that a party filed tax returns, under oath, claiming certain income and expenses, can be used to impeach a person who testifies at trial contrarily about such matters. However, evidence that a party failed to file tax returns does not show that trial testimony regarding income and expenses is false. Federal Rule of Evidence 608(b) prohibits the admissibility of extrinsic evidence to prove character for truthfulness absent a criminal conviction. Such matters may be inquired into on cross-examination if

probative of the witness' character for untruthfulness. *Id.* However, a witness does not waive his Fifth Amendment privilege by testifying. *Id.*

I do not intend to allow any party to turn this trial into mini-trials on extrinsic matters. Further, it would be improper to ask plaintiff questions at trial when defendants know plaintiff is likely to assert a Fifth Amendment privilege as to such questions, simply to imply to the jury that plaintiff has committed tax fraud. I find that any such evidence, even if admissible, would be excludable under Federal Rule of Evidence 403. Absent a conviction for tax fraud, defendants are prohibited from inquiring into plaintiff's failure to file a tax return.

Plaintiff has, in his trial brief, waived any claim for lost profits. Thus, any tax returns that were filed would not be relevant to plaintiff's damages claims. Plaintiff's motion *in limine* to exclude evidence of plaintiff's tax filing history, or lack thereof, should be **granted.**

### 7. Evidence of Plaintiff's alleged Tax Evasion or Fraud.

Plaintiff has moved to exclude any argument or claim that plaintiff attempted, committed, or will commit tax evasion by fraud or otherwise. For the reasons stated above, plaintiff's motion *in limine* to exclude evidence of any attempt, act, or plan to commit tax evasion by fraud or otherwise should be **granted**.

### 8. Evidence of Plaintiff's Alleged Falsification of Invoices or Improper Receipt of Benefit Related to the Syngenta Litigation.

Plaintiff has moved to exclude evidence that he falsified invoices or otherwise improperly received a benefit related to the Syngenta Litigation. The defendants did not plead set-off as a counterclaim in their answers. Nor did they file a counterclaim. The Homolka defendants did plead a so-called defense of the doctrine of account stated. Defendants also pleaded a defense of unclean hands. The Watts defendants pleaded a "defense of payment."

The defendants contends that the evidence will show that plaintiff was paid in excess of the amount he claims he was owed under the contract because plaintiff billed defendants and was paid for excess claimed expenses. Such evidence is proper.

14

Plaintiff's motion *in limine* to exclude evidence that plaintiff received payment from the defendants for more than what was contractually agreed to because plaintiff allegedly falsified expense invoices should be **denied**.

### 9. Evidence that Plaintiff Demanded a Percentage of Fees for any Future Lawsuit.

Plaintiff has moved to exclude any allegations that plaintiff wanted, requested, and/or demanded a percentage of attorney's fees for any future lawsuit. Defendants do not oppose plaintiff's motion. Plaintiff's motion *in limine* to exclude evidence that plaintiff allegedly wanted, requested, and/or demanded a percentage of attorney's fees for any future lawsuit should be **granted**.

### 10. Evidence or argument that the Model Rules of Professional Conduct Prohibit Paying Plaintiff a Bonus.

Plaintiff has moved to exclude any allegation or assertion that it is illegal and/or unethical under any professional conduct rule to offer, and/or promise, and/or accept to pay any type of benefit to any person upon the future satisfaction of a goal. Defendants oppose plaintiff's motion, without comment because defendants "do not understand what evidence plaintiff seeks to exclude."

The Court has no difficulty discerning what evidence plaintiff seeks to exclude. The evidence submitted previously in this case showed that, when plaintiff requested a written contract to memorialize the terms under which he was hired to market the Syngenta litigation, defendants told plaintiff they could not enter a written contract under the terms agreed to because paying plaintiff a bonus would violate MRPC 5.4, which prohibits fee sharing with a non-attorney. Defendants contended that summary judgment was appropriate on plaintiff's contract claim because payment of a bonus would have been against public policy.

I previously held that payments to plaintiff of a bonus for marketing efforts was not in violation of public policy. I further find that payment to a person for marketing efforts, whether in the form of monthly compensation or a bonus, does not violate MRPC 5.4 unless the bonus is related to the amount of the damages award secured for the

plaintiff. No party contends that the alleged bonus was based upon a percentage of the Syngenta litigation damages award or a percentage of legal fees.

The evidence at trial may show that plaintiff requested a written contract to memorialize the parties' agreement to hire plaintiff to market the Syngenta litigation and to pay him a $3.4 million bonus for his efforts but defendants refused to enter into a written contract on the claimed basis such a contract would violate MRPC 5.4. If such evidence is offered, it will be admitted. I intend to instruct the jury that such a contract would not be a violation of MRPC 5.4. It is up to the jury to determine whether plaintiff requested a written contract and whether defendants refused to enter into a written contract on the claimed basis that a written contract would be unethical. Defendants may not testify or argue that such a contract was in fact unethical unless the evidence shows the claimed bonus was tied to the damages award received in the Syngenta litigation. Plaintiff's motion *in limine* to exclude any allegation or assertion that it is illegal and/or unethical under any professional conduct rule to offer, and/or promise, and/or accept to pay any type of benefit to any person upon the future satisfaction of a goal should be **granted**. I will rule on the law and defendants will not be allowed to testify or argue to the contrary.

### 11. Admission of Audio Recordings.

Plaintiff moves this Court to admit conversations that he recorded relevant to this litigation.

As the Court has explained above, any ruling on a motion *in limine* for an order excluding audio recordings is **reserved**.

### 12. Evidence About the Enforceability of Plaintiff's Alleged Contract under MRPC 5.4.

**Plaintiff has moved** for an order precluding any witness from testifying about the enforceability of an agreement, hypothetically or otherwise, by and between plaintiff and defendants under Rule 5.4. Plaintiff is of course referring to the defendants' alleged refusal to enter into a written contract to memorialize the agreement to pay plaintiff a bonus. Defendants contend that attorney witnesses should be allowed to testify that they

16

could not pay a bonus because of the prohibition of fee sharing in order to rebut a claim that defendants intended to defraud plaintiff.

As set forth previously, I hold that paying a person a bonus for marketing legal services, which bonus is not tied to the damages award, is not prohibited by MRPC 5.4. Defendants contend they should be allowed to testify that they believed they were prohibited from doing so to rebut a claim that they acted with intent to defraud.

Plaintiff's motion *in limine* to prohibit any witness from testifying about their belief as to the prohibition of MRPC 5.4 is **granted**.

### 13.   Admission of Evidence of Lawsuits Against the Homolka Defendants.

Mr. Lundstrom also asks this Court to admit evidence of prior lawsuits involving the Homolka defendants.  The Court has previously addressed this issue, *supra* B.1.

Plaintiff's motion *in limine* to admit evidence of other lawsuits against the Homolka defendants should be **denied**.

### D.   The Watts Defendants' Supplemental Motion *in Limine*, Doc. 145, and the Homolka Defendants' Supplemental Motion *in Limine*, Doc. 154, regarding the admissibility of the testimony of Timothy James.

Defendants have moved to exclude the testimony of Attorney Timothy James as a rebuttal witness.  Defendants contend that plaintiff failed to disclose this witness in the initial or any supplemental disclosures.  In addition, plaintiff set forth in his trial witness list that he requests to be allowed to present the testimony of Timothy James by Zoom. Defendants object to plaintiff's request and contend Timothy James' testimony should be excluded if he does not attend trial personally.

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires the parties to initially disclose the name of any individual likely to have discoverable information "unless the use would be solely for impeachment."  Further, Rule 26(a)(3)(A)(i) requires the parties to disclose the identity of a witness the party may present at trial, "other than solely for impeachment."

Plaintiff contends that he only intends to call witness Timothy James as a rebuttal witness. Thus, plaintiff's failure to disclose this witness would not preclude admission of his testimony.

Pursuant to Rule 45(b), a subpoena may be served at any place in the United States. Compliance, however, with a subpoena to attend trial or deposition is required only where compliance occurs

> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
>
>> (i) is a party or a party's officer; or
>> (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. 45(c)(1). Plaintiff's proposed witness resides and works in Florida. The witness is apparently not willing to voluntarily appear at trial in South Dakota and there is no authority for requiring him to do so.

The best way to ensure the testimony of an out-of-state witness is to subpoena the witness to appear for a deposition for trial, which must occur within 100 miles of the witness' home or work. Doing so would require plaintiff to disclose the witness to opposing counsel. Plaintiff made a choice not to earlier disclose the identity of the witness and now cannot procure the witness' appearance at trial.

Pursuant to Federal Rule of Civil Procedure 43,

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

At a pre-trial conference on August 27, 2021, the Court advised the parties that this matter would be set for trial the week of November 8, 2021. Plaintiff had at least two

months to determine whether plaintiff's witnesses would be available for trial.  No motion to reopen discovery to take a trial deposition was filed by plaintiff.

Defendants' motions *in limine* to prohibit the testimony of witness Timothy James by electronic means should be **denied** in the interest of justice.  Plaintiff must coordinate with the Systems Administrator of the Court on how to connect Mr. James to a video feed inside the courtroom.  Rather than plaintiff's request to use Zoom, Mr. James will likely need to appear via the Court's local video meeting room portal.

**IT IS SO ORDERED.**

DATED this 4th day of November, 2021.

BY THE COURT:


CHARLES B. KORNMANN
United States District Judge